UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN J. HOLSCHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1455 (JCH) |
| ) | |
| INTERNATIONAL UNION OF PAINTERS, ) | |
| & ALLIED TRADES/ PAINTERS DISTRICT ) | |
| COUNCIL #2, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 3), filed October 12, 2007. Plaintiff has filed a response.

**BACKGROUND**

On August 15, 2007, Plaintiff filed a complaint alleging a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq..(Compl., Doc. No. 1). In his Complaint, Plaintiff alleges that Defendant discriminated against him for supporting Rich Bryan ("Bryan") in an union election against Kevin Kenny ("Kenny"). (Id. at ¶ 8(a)). He also alleges that following Bryan's election loss, Kenny and his associates began harassing him. (Id. at ¶ 8(b)). This conduct continued and, in April 2006, Defendant expelled Plaintiff from the union. (Id. at ¶ 8(j)). On October 12, 2007, Defendant filed its motion to dismiss, which asserts that Plaintiff cannot state a Title VII claim because he has not alleged that any of Defendant's action occurred due to Plaintiff's race, color, religion, sex, or national origin. (Memo. in Supp., Doc. No. 4).

**MOTION TO DISMISS STANDARDS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

As previously stated, Defendant asserts that Plaintiff's Title VII claim fails because he has not alleged that any of the acts were based on his race, color, religion, sex, or national origin. (Doc. No. 4). Plaintiff responds that a member of a labor organization is a protected class. (Doc. No. 6).

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for a labor organization

> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c)(1)-(3). Title VII also prohibits a labor organization from discriminating "against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Id. at § 2000e-3(a).

Upon consideration, Plaintiff fails to state a claim. Plaintiff has not alleged that any of Defendant's actions were based on his race, color, religion, sex, or national origin, which is required to advance a cognizable Title VII claim. As such, the Court will grant Defendant's motion[1] and dismiss Plaintiff's claim. It will grant Plaintiff two weeks to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint no later than **Tuesday, November 13, 2007**.

Dated this 30th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion properly recognizes that Plaintiff's claim "appears to be an attempt to allege a violation of" the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq.. (Memo. in Supp., Doc. No. 4 at p. 2).